IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TOMMY LEE JONES,                                                                    PLAINTIFF

V.                                                                    CAUSE NO. 4:05CV140-P-B

MISSISSIPPI MARINE CORPORATION,                                                    DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the application of Tommy Lee Jones for leave to file suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq.*, without payment of fees, costs, or security and for appointment of counsel. Having conducted an initial screening of the Complaint submitted for filing, the undersigned recommends that plaintiff's motions be denied and his claims, dismissed *sua sponte*.

*Plaintiff's Failure to Timely Exhaust Administrative Remedies*

Title VII requires an aggrieved party to file an administrative charge of discrimination prior to filing suit. *See Shabazz v. Texas Youth Comm'n*, 300 F.Supp.2d 467, 471 (N.D.Tex.2003) ("A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. Exhaustion occurs when an individual files a timely Charge of Discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue.").

A Title VII plaintiff must file a charge of discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If a plaintiff does not file before this time elapses, then he or she fails to exhaust Title VII's administrative remedies, and the plaintiff is procedurally barred from bringing a lawsuit in court.

*See Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Webb v. Cardiothoracic Surgery Associates of N. Tex., P.A.*, 139 F.3d 532, 537 (5th Cir.1998).

In this case, the Charge of Discrimination attached to the proposed Complaint asserts that on August 9, 2004, plaintiff was "accused of standing around doing nothing" despite the fact that he had followed the orders given him. It further asserts that plaintiff was fired on August 10, 2004. The Charge indicates that the only instance of discrimination occurred on August 10, 2004. Pursuant to 29 C.F.R. § 1601.12(b), "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Plaintiff's Charge was not received by the EEOC until February 14, 2005, approximately 188 days later. On March 17, 2005, the EEOC issued its Dismissal and Notice of Rights to plaintiff, indicating that the file on his charge was being closed because he failed to timely file his Charge. Based on this, the Court concludes that plaintiff's claims are barred because he did not file his EEOC charge within 180 days after the last discriminatory conduct alleged--his termination.

*Recommendation*

Accordingly, it is recommended that plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel be denied and his case, dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

    Respectfully submitted, this the 8th day of July, 2005.

                                              **/s/ Eugene M. Bogen**
                                                **U. S. MAGISTRATE JUDGE**